## APPEAL OF SHERIDAN COAL CO.

Docket No. 4821.    Decided July 30, 1926.

Where mining machinery is discarded due to the abandonment of a mine, the taxpayer may deduct from gross income in the year of abandonment the difference between the depreciated cost and the salvage value.

*Edgar M. Morsman, Jr., Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the Commissioner.

Before MARQUETTE, MORRIS, GREEN, and LOVE.

The Commissioner determined a deficiency in income and profits taxes for the year 1918 in the sum of $162,537.87. There is in controversy only so much of the deficiency as arises from the disallowance of three deductions claimed by the petitioner in its return for the year in question. These deductions are, first, an item of $20,000 claimed as increased or "extraordinary" depreciation on what was designated as the Iowa mine, located near Avery, Iowa; second, an item of $100,000 claimed as increased or "extraordinary" depreciation on the petitioner's mine No. 7 at Deitz, Wyo.; and, third, an item of $25,000 claimed as increased or "extraordinary" depreciation on a machine known as the Querter Shovel, located at Seldon, Mo.

### FINDINGS OF FACT.

The petitioner is a domestic corporation engaged principally in mining coal from properties which it owns or leases. In the month of December, 1916, for a consideration of $40,000 paid in cash, it acquired certain property which it set up on its books as follows:

Iowa Mine No. 1.

| | |
|---|---|
| Buildings, equipment, development, etc_____ | $32,805.19 |
| Land, 40 acres_____ | 4,000.00 |
| Powder_____ | 595.35 |
| Dynamite_____ | .97 |
| Materials_____ | 598.49 |
| Live stock_____ | 2,000.00 |

The building and equipment accounts for 1917 and 1918 are as follows:

### 1917.

#### Iowa Mine 1—Building and Equipment.

| Dr. | | Cr. | | |
|---|---|---|---|---|
| 1–1–1917  Balance | $32, 877. 80 | 6–9–1917 | | $3. 41 |
| 1–31–1917 | 2, 364. 49 | 6–30–1917 | Depreciation | 2, 500. 00 |
| 3–31–1917 | 709. 77 | 7–31–1917 | Depreciation | 416. 67 |
| 4–23–1917 | 2, 500. 00 | 8–31–1917 | Depreciation | 416. 67 |
| 10–15–1917 | 1, 750. 00 | 9–30–1917 | Depreciation | 416. 67 |
| 11–30–1917 | 1, 046. 24 | 10–31–1917 | Depreciation | 416. 67 |
| | 91. 40 | 11–30–1917 | Depreciation | 416. 67 |
| | 161. 80 | 11–30–1917 | | 2. 00 |
| 12–22–1917 | 143. 21 | 12–31–1917 | Depreciation | 416. 67 |
| 12–22–1917 | 368. 50 | | Balance | 37, 900. 97 |
| 12–31–1917 | 697. 05 | | | |
| | 196. 14 | | | |
| | 42, 906. 40 | | | 42, 906. 40 |

### 1918.

#### Iowa Mine 1—Buildings and Equipment.

| Dr. | | Cr. | | |
|---|---|---|---|---|
| 1–1–1918  Balance | $37, 900. 97 | 1–31–1918 | Depreciation | $346. 54 |
| 1–31–1918 | 54. 54 | | Sale | 315. 00 |
| 4–3–1918 | 2, 495. 00 | 2–28–1918 | Depreciation | 346. 54 |
| 4–16–1918 | 50. 00 | 3–30–1918 | Depreciation | 355. 50 |
| 6–15–1918 | 1, 400. 00 | 4–30–1918 | Depreciation | 355. 92 |
| 6–30–1918 | 65. 00 | 5–31–1918 | Depreciation | 355. 92 |
| 10–31–1918 | 173. 00 | 6–30–1918 | Depreciation | 367. 59 |
| | | 7–31–1918 | Depreciation | 367. 59 |
| | | 8–31–1918 | Depreciation | 367. 59 |
| | | 9–30–1918 | Depreciation | 367. 59 |
| | | 10–19–1918 | Insurance | 1, 980. 42 |
| | | 10–31–1918 | Depreciation | 352. 53 |
| | | 11–30–1918 | Depreciation | 352. 53 |
| | | 12–31–1918 | Depreciation | 352. 53 |
| | | | Depreciation | 20, 000. 00 |
| | | | Balance | 15, 555. 38 |
| | 42, 139. 17 | | | 42, 139. 17 |

The credit of $20,000 appearing under date of December 31, 1918, was actually made in compliance with the instructions of the board of directors following action taken by them at a meeting held January 8, 1919, of which the following is the minute entry.

It was moved by Mr. Clark and seconded by Mr. Morsman, that the mine at Avery be closed down and be abandoned, and that the action of Mr. W. F. Megeath in this respect be approved, also that the officers be directed to continue the junking and sale of all equipment and property at Avery, and further that the auditor be directed to charge up as a loss of 1918 the sum of $20,000.00 on account of investments at Avery as the property will not junk for more than the sum of $25,000.00. Carried unanimously.

In 1918 it became apparent that "the coal seam had pinched out" and that the mine could no longer be operated at a profit. In the same year the president of the corporation closed the mine and proceeded to sell all removable property. The sale of this property was completed prior to March 1, 1919, and thereafter the company had no transactions with reference to this mine. The prices received for the machinery and equipment sold were less than was anticipated at the time of the passage of the resolution above quoted, and in order to balance the account it was necessary to enter an additional credit of $6,492.34.

The petitioner owned and operated several coal mines in the State of Wyoming. Among them was its mine No. 7, located at Deitz. This mine was developed in 1916 to the extent that its production was 155,000 tons. In 1917 it produced 267,647 tons; in 1918, 234,181 tons; in 1919, 57,409 tons; and in 1920, 19,384 tons. The mine was not operated by the petitioner thereafter.

On April 7, 1919, the following resolution was passed:

Upon motion by Mr. Clark, and seconded by Mr. W. F. Megeath, the following Resolution was adopted by the unanimous vote of all Directors present:

### RESOLUTION

WHEREAS, a fire occurred in this Company's mine located at Dietz, Wyoming, and known as Mine Number 7, and which said fire caused a large number of entries to become useless and the same were cemented and closed to prevent said fire from extending throughout the entire mine Number 7, and

WHEREAS, said Mine Number 7 has been worked continuously for a number of years and can no longer be operated economically, except as an emergency mine, and

WHEREAS, the Company's mine Number 8, with its new steel tipple and equipment is now completed and capable of producing all of the coal necessary to supply the trade of the Company at Dietz, Wyoming, and

WHEREAS, the Company began to close down mine Number 7 in December, 1918, and the same is now closed with all likelihood of never being fully reopened, and

WHEREAS, the Company is still carrying on its books of account the machinery, equipment, and development of mine Number 7 at the sum of more than $200,000.00, and the same will not junk for exceeding the sum of $50,000.00, and

WHEREAS, depreciation in the sum of only $26,000.00 was charged against said account in 1918:

Now, THEREFORE, BE IT RESOLVED: That the auditor of this Company, in closing his books for the year 1918, charge off from the 1918 profits of the Company the sum of $100,000.00, and credit the same against the equipment, machinery, and development account of mine Number 7, said charge to represent the depreciation (extraordinary and ordinary) accrued December 31, 1918, and not heretofore charged against said investment, and

BE IT FURTHER RESOLVED: That the auditor depreciate the entire balance of said account during the years 1919–1921, charging off one-third thereof each year.

The company's equipment, development and machinery account for its Dietz Mine No. 7, for the year 1918, including therein the charge-off made pursuant to the resolution, is as follows:

| Dr. | | Cr. | | |
|---|---|---|---|---|
| 1-1-1918 Balance | $230, 344. 39 | 1-31-1918 | Depreciation | $2, 600. 00 |
| 2-28-1918 | 513. 20 | 1-31-1918 | Machinery | 3, 500. 00 |
| 3-14-1918 | 49. 50 | 1-31-1918 | Machinery | 7, 628. 34 |
| 4-13-1918 | 495. 00 | 2-28-1918 | Depreciation | 2, 086. 80 |
| 5-15-1918 | 5, 352. 00 | 3-31-1918 | Depreciation | 2, 091. 50 |
| 5-22-1918 | 12. 55 | 4-30-1918 | Depreciation | 2, 116. 30 |
| 5-31-1918 | 534. 60 | 5-31-1918 | Depreciation | 2, 167. 03 |
| 5-31-1918 | 189. 95 | 6-30-1918 | Depreciation | 2, 169. 48 |
| 6-24-1918 | 205. 33 | 7-31-1918 | Depreciation | 2, 196. 05 |
| 6-29-1918 | 87. 69 | 8-31-1918 | Depreciation | 2, 220. 93 |
| 6-30-1918 | 690. 95 | 9-30-1918 | Machinery | 1, 000. 00 |
| 7-24-1918 | 3, 188. 82 | 9-30-1918 | Machinery | 3, 005. 13 |
| 8-19-1918 | 619. 18 | 9-30-1918 | Depreciation | 2, 193. 56 |
| 8-19-1918 | 85. 00 | 10-31-1918 | Depreciation | 2, 193. 56 |
| 8-27-1918 | 1, 890. 00 | 11-30-1918 | Depreciation | 2, 193. 56 |
| 8-31-1918 | 392. 00 | 12-31-1918 | Depreciation | 2, 192. 03 |
| 9-10-1918 | 511. 88 | 12-31-1918 | Machinery | 183. 17 |
| 9-14-1918 | 208. 00 | 12-31-1918 | Extraordinary Depreciation, Resolution of April 7, 1919 | 100, 000. 00 |
| | | | Balance | 103, 632. 60 |
| | 245, 370. 04 | | | 245, 370. 04 |

The mine was closed down in 1919 and has been entirely abandoned. As the development of the mine progressed it was found that the roof and bottom conditions were bad. There were numerous "squeezes" due to the roof coming down and the bottom rising. These "squeezes" occasioned fires in different parts of the mine.

Because of the unusual conditions which prevailed, it was not possible, in abandoning and closing the mine, to recover the pillar coal or to remove all of the rails used in the various tracks.

In 1917 an engineer, Querter by name, represented that he had designed an electrically operated machine which, for stripping coal, was superior to the ordinary steam shovel, and in 1918 the company undertook the construction of one of these machines from the designs of and under the supervision of Querter. The machine was completed in 1918 and an unsuccessful attempt was made to operate it. In 1919 changes were made in the machine and another unsuccessful attempt was made to operate it. Thereafter the machine was abandoned. The record does not disclose whether there was any salvage therefrom. The expenditures for construction were as follows: 1917, $1,620.76; 1918, $82,473.57; and 1919, $13,421.73.

On February 3, 1919, the directors passed a resolution directing the auditor to charge $25,000 against the profits for the year 1918. There is no evidence as to the amount of " ordinary " depreciation claimed by the petitioner or allowed by the Commissioner.

### OPINION.

GREEN : The three items claimed by the petitioner as deductions for the year 1918 were disallowed by the Commissioner as deductions for that year but were allowed as deductions for the succeeding year. The principal controversy is as to the year for which the deductions should be allowed.

Where machinery is discarded as the result of a change in business conditions, the taxpayer may deduct in such year the difference between the depreciated cost and the salvage value. *Appeal of Dilling Cotton Mills,* 2 B. T. A. 127; *Appeal of Automatic Transportation Co.,* 3 B. T. A. 505. The abandonment or permanent closing of a mine, strictly speaking, may not be said to be a change of business conditions, but such a change of condition produces the same economic and pecuniary result so far as the taxpayer is concerned, and the taxpayer is as much entitled to the deduction in the one case as in the other.

In this case the petitioner, having abandoned its Avery Mine in 1918, could reasonably anticipate a substantial loss on the sale of the mine's equipment. That the amount estimated, i. e., $20,000, was reasonable is established by the subsequent sale of the equipment for more than $6,000 less than its estimated salvage value. We therefore hold this deduction proper.

The evidence as to the $100,000 deduction on the Dietz Mine No. 7 is not sufficient to enable us to pass upon the merits of petitioner's contention. All that we have before us as evidence of cost is the development and equipment account for the year 1918, as set forth in Exhibit No. 2. The resolution passed by the board of directors indicates that at the time of its passage there was no intention to abandon the mine. There was no computation of the salvage value of the equipment for the purpose of ascertaining the probable loss. The heading or title of the account indicates that it includes the cost of development work. We do not know whether this includes the cost of tunnels, shafts, etc. The loss on these may not be taken until the property is sold or abandoned. The Commissioner's ruling as to this deduction is correct.

The Querter shovel was not abandoned or junked within the taxable year. A substantial sum of money was expended upon it in the succeeding year in an effort to reconstruct it so that it would be usable. Under such conditions the petitioner is entitled only to a

deduction sufficient to cover depreciation due to ordinary wear and tear. The Commissioner's ruling thereon is correct.

> *Order of redetermination will be entered after 15 days' notice, under Rule 50.*